UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CHRISTOPHER R. MORENO and
ERNESTINA S. MORENO,

No. 7-09-10073 JL

Debtors.

PHILIP J. MONTOYA, Trustee,

Plaintiff,

v.

Adversary No. 09-1174 J

CHRISTOPHER MORENO, TERESA MORENO,
MONICA MORENO, and LARRY MORENO,

Defendants.

## ORDER DETERMINING THAT SERVICE ON MONICA MORENO WAS INADEQUATE

THIS MATTER is before the Court on Trustee Philip J. Montoya's Motion to Request a Determination that Service of Process on Monica Moreno was Sufficient ("Motion"). *See* Docket No. 43. The Trustee also filed a brief in support of the Motion as part of the Motion. *Id.* Plaintiff Philip J. Montoya ("Plaintiff" or "Chapter 7 Trustee") filed this Adversary Proceeding seeking to sell the bankruptcy estate's interests in certain parcels of real property, at least one of which is jointly owned by Christopher Moreno (the Debtor), Teresa Moreno (the Debtor's step-mother), and Monica Moreno (the Debtor's sister). *See* Trustee's Complaint to Sell Estate's Interest and Interest of Co-Owners in Real Property ("Complaint" – Docket No. 1) and Trustee's Amended Complaint to Sell Estate's Interest and Interest of Co-Owners in Real Property ("Amended Complaint" – Docket No. 25). The Chapter 7 Trustee served the Complaint and the Amended Complaint by First Class Mail, postage pre-paid, to Monica Moreno at P.O. Box 306, Las Cruces, NM 88004. *See* Docket Nos. 3 and 26. Defendants Larry Moreno and Teresa Moreno were also served at the same P.O. Box. *Id.*

At a pre-trial conference held September 12, 2012, and again at a status conference held October 22, 2012, the Court questioned the adequacy of service on Defendant Monica Moreno in light of statements from Defendant Teresa Moreno that she has had no communication with Monica Moreno for some time, that Monica Moreno moved away from Las Cruces over ten years ago, and that she believes that Monica Moreno now lives in Austin, Texas. Teresa Moreno also said that Christopher Moreno likely knows Monica Moreno's current whereabouts. Plaintiff requested Monica Moreno's address from Christopher Moreno by e-mail, but did not get a response. Plaintiff did not find a current address for Monica Moreno, and requested an opportunity to submit a brief arguing that service on Monica Moreno at the P.O. Box in Las Cruces was sufficient.

After consideration of the Motion and supporting brief, and being otherwise sufficiently informed, the Court concludes that service on Monica Moreno at the P.O. Box in Las Cruces did not comply with the requirements of due process. In reaching this determination the Court FINDS:

1. "Service of process must satisfy both the statute under which service is effectuated and constitutional due process." *In re Karbel,* 220 B.R. 108, 112 (10th Cir. BAP 1998)(citing *Ackermann v. Levine,* 788 F.2d 830, 838 (2nd Cir. 1986)).

2. Service of process of a complaint filed in adversary proceeding is governed by Fed.R.Bankr.P. 7004. Under Fed.R.Bankr.P. 7004(b)(1), service upon an individual is proper if a copy of the summons and complaint is mailed by first-class mail, postage prepaid "to the individual's dwelling house or usual place of abode, or to the place where the individual regularly conducts a business or profession." Fed.R.Bankr.P. 7004(b)(1).

2

3. "In light of the comparatively lenient procedure in bankruptcy, persons effecting service must provide notice in accordance with the Rules." *Jobin v. Otis (In re M & L Business Mach. Co., Inc.),* 190 B.R. 111, 115 (D.Colo. 1995)(citation omitted). Further, strict compliance with the service requirements under Fed.R.Bankr.P. 7004 "serves to protect due process rights as well as to assure bankruptcy matters proceed expeditiously." *Id.* at 115-116.

4. Service of a summons and complaint in an adversary proceeding can also be effectuated upon an individual pursuant applicable state law. Fed.R.Bankr.P. 7004(b)(8) ("it is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought against such a defendant in the court of general jurisdiction of that state.").

5. The Plaintiff mailed a copy of the summons and Complaint by first class mail, postage prepaid, to Defendant Monica Moreno at P.O. Box 306, Las Cruces, New Mexico. Plaintiff also mailed a copy of the Amended Complaint by first class mail, postage prepaid to Defendant Monica Moreno at P.O. Box 306, Las Cruces, New Mexico. Plaintiff contends that this P.O. Box is the address on file in the Dona Ana County tax assessor's office for the owners of the real property that is the subject of the Plaintiff's Complaint and Amended Complaint.

6. The United States Supreme Court set forth the basic requirements for constitutional due process in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), as follows:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present the objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the

practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.

*Mullane,* 339 U.S. at 314-315 (internal citations omitted).

7. "[D]ue process requires notice in any proceeding with an opportunity to appear and be heard before a final judgment may be entered." *Hanley v. Four Corners Vacation Properties, Inc.,* 480 F.2d 536, 538 (10th Cir. 1973). "This right to be heard has little reality or worth unless one is informed that the matter is pending can choose for himself whether to appear or default, acquiesce or contest." *Mullane,* 339 U.S. at 314.

8. Further, if a judgment is entered without adequate notice to the affected parties, the judgment is "void and subject to collateral attack." *Hanley v. Four Corners,* 480 F.2d at 538 (citations omitted). *See also, Hukill v. Oklahoma Native American Domestic Violence Coalition,* 542 F.3d 794, 797 (10th Cir. 2008)("'[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant.'")(quoting *United States v. Bigford,* 365 F.3d 859, 865 (10th Cir. 2004)).

9. Plaintiff relies on *Cordova v. State of New Mexico,* 163 N.M. 713, 104 P.3d 1104 (Ct. App. 2004) for the proposition that service on a defendant mailed to the defendant's address reflected in the most recent property tax schedule is sufficient, and that under the standard enunciated in *Mullane,* the determination of whether the method of service is reasonably calculated to result in actual receipt must assume that the intended recipient actually wants to receive notice. *See Cordova,* 163 N.M. at 721, 104 P.3d at 1112 ("*Mullane* assumes a hypothetical *recipient* desirous of actually being *informed."*)(emphasis in original). Based on *Mullane* and *Cordova* Plaintiff asserts that service on Monica Moreno at the address of record in Dona Ana County for the property owners was sufficient, and that, if Defendant Monica Moreno

4

actually wanted to be notified of any suit regarding the subject property, she should have updated her address in the records of the Dona Ana County assessor.

10. In *Cordova,* the New Mexico Supreme Court first determined that service of a notice of tax sale on Mr. Cordova by certified mail to his most recent address reflected in the property tax schedule complied with the requirements of N.M.S.A. 1978 § 7-38-66(A) (1990) and constituted statutorily adequate notice, despite the fact that the notice was returned marked "unclaimed." *Cordova,* 136 N.M. at 719, 104 P.3d at 1110.

11. There is no indication that the P.O. Box in Las Cruces where Plaintiff attempted to effectuate service was Monica Moreno's usual place of abode. And the New Mexico statute relied upon for service of process in *Cordova* requires service by certified mail. N.M.S.A. 1978 § 7-38-66(A)(Repl. Pamp. 2001)(requiring notification by "certified mail, return receipt requested"). Plaintiff did not send the summons, Complaint, and Amended Complaint by certified mail. Consequently, it does not appear that Plaintiff's service on Defendant Monica Moreno complied with the technical requirements of Fed.R.Bankr.P. 7004(b)(3) *or* (8).

12. Further, even if the Court were to accept that Plaintiff's service on Monica Moreno complied with the service requirements of Fed.R.Bankr.P. 7004, the Court is not convinced that the constitutional requirements for due process have been satisfied.

13. There is no indication that Defendant Monica Moreno received *actual* notice of this adversary proceeding. *Cf. In re Wilkinson,* 457 B.R. 530, 544 (Bankr.W.D.Tex. 2011)(explaining that when "a party *was* afforded *actual* notice consistent with constitutional standards, then that party cannot claim a violation of its *constitutional* rights to due process of law simply because the technical requirements for service of process might not have been met.")(emphasis in original).

14. Plaintiff argues that Monica Moreno's interests have adequately been represented in this Adversary Proceeding by the other co-owners, observing that Monica Moreno's interests are aligned with the interest of Teresa Moreno and Larry Moreno. *See* Motion, p. 5. But *Cordova* rejected a similar argument that notice to one of several joint tenants satisfies constitutional due process requirements as to all joint tenants, pointing out that "joint tenants may have divergent interests," and concluding service on one co-tenant is not dispositive of the question of constitutional adequacy of notice as to the other co-tenants. *Cordova,* 136 N.M. at 720, 104 P.3d at 1111. Thus, the fact that Monica Moreno is similarly situated to the other co-owners of the real property inasmuch as her interest is similar to the interest of the other Defendants is insufficient to establish that Defendant Monica Moreno received constitutionally adequate notice.

15. Under *Cordova,* "'the correct approach is a fact-specific analysis under the due process standard set forth by the Supreme Court in *Mullane,* which requires us to consider all the circumstances of each case to determine whether the notice provided is reasonably calculated to apprise the [affected party] of the impending proceeding[,]'" and that circumstances that might arise after the initial mailing are relevant to this determination. *Cordova,* 136 N.M. at 719 and 720, 104 P.3d at 1110 and 1111 (quoting *Garcia v. Meza,* 235 F.3d 287, 291 (7th Cir. 2000)).

16. Here, Plaintiff has reason to believe that Monica Moreno has not lived in Las Cruces for over ten years. Counsel for Plaintiff indicated that a free internet search was performed in an attempt to locate a more current address for Monica Moreno, but that such effort was not successful. Plaintiff did not seek to obtain a current address for Monica Moreno from the Debtor, other than to send an e-mail to the Debtor requesting an address for Monica Moreno. The Debtor did not respond to Plaintiff's request. Based on counsel's representations at the pre-

Case 09-01174-j    Doc 46    Filed 11/15/12    Entered 11/15/12 09:45:10 Page 6 of 8

trial conference and the status conference, the Court finds that Plaintiff took minimal efforts to obtain a current address for Monica Moreno. In effectuating service, a party must make diligent efforts to locate a defendant. *Cf. Mullane,* 339 U.S. at 317 (observing that service by publication is a "customary substitute . . . where is it not reasonably possible or practicable to give more adequate warning[]" and finding that such service was sufficient where the party's "interests or whereabouts could not with due diligence be ascertained"). *See also, Storage Technology Corp. v. Comite Pro Rescate De La Salud (In re Storage Technology Corp.),* 117 B.R. 610, 624 (Bankr.D.Colo. 1990)(stating that under *Mullane,* a "serious effort must be made to give actual notice by first class mail.").[1] A diligent effort has not been made. Plaintiff did not search for a current address for Monica Moreno through an internet locator service, many of which are readily available at a fairly nominal cost. Nor did Plaintiff make a reasonable effort to ascertain Monica Moreno's current address from the Debtor, Christopher Moreno, despite Teresa Moreno's belief recited at a hearing that he likely would know where Monica Moreno resides.

17. Based on all of the surrounding circumstances, the Court finds that Plaintiff's service of process on Defendant Monica Moreno at the P.O. Box in Las Cruces was not "reasonably calculated" to apprise Monica Moreno of the Plaintiff's intent to sell the real property in which Monica Moreno has an interest.

---

[1] When a party cannot be located for service of process, a plaintiff may seek to serve a party through publication under Fed.R.Bankr.P. 7004(c) by mailing a copy of the summons and complaint to the party at the party's last known address and by publishing at least one notice of the action in such form as the Court directs. Fed.R.Bankr.P. 7004(c). A party seeking to effectuate service via publication must show *Cf. Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 147 (10th Cir. 1985)(finding, under Oklahoma law, that service by publication was sufficient where plaintiffs "made an adequate showing of due diligence in their attempts to serve process").

7

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 15, 2012

COPY TO:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
Attorney for Chapter 7 Trustee
PO Box 7459
Albuquerque, NM 87194

Oralia B. Franco
Attorney for Christopher Moreno
2000 E. Lohman Suite A-1
Las Cruces, NM 88001

Teresa Moreno
PO Box 306
Las Cruces, NM 88004

Larry Moreno
PO Box 306
Las Cruces, NM 88004